We'll now hear an argument in Xerox v. JCTB Inc. Mr. Sears, you wanted to argue on behalf of Xerox, correct? Correct. May it please the Court? The primary issue before the Court here is the District Court's decision granting Xerox summary judgment on the finance lease as modified by a modification agreement. By its terms, that agreement is a non-cancellable agreement that imposes an absolute and unconditional payment obligation on the lessee. There are two key provisions set forth in our papers. Paragraph 24 conspicuously, in all caps, expressly states that the agreement's non-cancellable, that there's an absolute and unconditional payment obligation. And then the second key provision is in paragraph 30, which designates the agreement as a finance lease under Article 2A of the Uniform Commercial Code. Either, as the District Court correctly held, either of those provisions are enough to impose that payment obligation in the first instance. The lessee can't just say, we're not going to pay, we're not happy with the equipment, we have an issue with the equipment, we have an issue with the service. The agreement requires them to pay in the first instance. They didn't do that, and that's why we're here on a pre-discovery motion for summary judgment. There was nothing to do in discovery. There was nothing to argue. It was part of the pleading, and it's clear on its face. Correct. And their arguments, I think, all fail. They're trying to say, the defendants are trying to argue that it wasn't a finance lease, which is wrong, for the reasons stated in our papers. And secondly, they're trying to say because it's not a finance lease, the plain language of the other provision that says that there's an absolute and unconditional payment obligation shouldn't apply, a so-called Heller High Water Clause. They're wrong on both accounts. It is a finance lease because the official comment to the Uniform Commercial Code says that if the agreement doesn't qualify on its face, and we concede that this wouldn't otherwise qualify, the parties can agree to that, and that's what they did here. But secondly, even if it wasn't a finance lease, the terms are clear in the other provision that says that it needs to be paid. Moving on to the — there are various arguments trying to find a way around this all fail for the reasons set forth in our papers. The argument that it's a security agreement doesn't have any impact because the official comment says that any transaction can be designated as a finance lease. It doesn't have to be a lease or a true lease in the first instance. And in any event, we cited cases where that's been the case. Their next argument is that the lease fails of its essential purpose, and that really goes to the remedy that's provided in the lease, which is that if they did fail — You can replace the machine. Exactly. Exactly. And it's completely undisputed that they never did that. It's admitted that they didn't do that. So that gets around that. There is a remedy. They just didn't avail themselves of it. So the material facts are undisputed on that. Moving along, they also raised a damages argument that wasn't raised below. I don't really think there's a lot there. They claim they should have got a credit for returning the equipment. But their problem, among other issues with that argument, is they didn't return the equipment. We had to get the judgment before we could go get the equipment. So it was a year or two down the line. There is a provision in the agreement that will give them a credit if they make it available in 30 days, but that clearly doesn't apply. And then, you know, they asked for discovery, and they didn't carry their burden under Rule 56D to cite any basis for that. On the counterclaims, I think that our arguments on the contract, our contract claim, largely foreclosed their breach of contract counterclaim.  which coincidentally is the exact language in the lease that says that the exclusive remedy for that is to request replacement equipment. And we already addressed the failure of the essential purpose argument. And then the second counterclaim alleged fraudulent misrepresentation. That was also properly dismissed on a number of grounds, not the least of which is that that modification agreement they signed in December 2016 included a release, and they alleged that the purported fraud occurred in the negotiation of the April 2015 finance lease. So it was necessarily released. There's a merger clause that says we're only going to commit to what we're doing in the finance lease. You can't rely on any extra contractual statements. We've also explained why any alleged statements were puffery and they weren't independent of the contract. Finally, the district court's decision denying them leave to replead shouldn't be disturbed. That's an abuse of discretion standard. I think the district court was well-reasoned, concluding that any amendment would be futile. These are substantive deficiencies in the pleading.  So if the court has any questions, I'm happy to answer them. Otherwise, I'll rest on my papers. I think we're fine. Thanks very much. Thank you very much.